STATE *v.* SIDNEY SNYDER.

January Term, 1912.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed February 27, 1912.

*Bail—Joint and Several Recognizance—Scire Facias—Parties Defendant.*

At common law, if two persons acknowledge a recognizance jointly and severally, the conusee may maintain several writs of *scire facias* thereon against the conusors, and so *scire facias* may be maintained against the surety alone on a joint and several recognizance duly acknowledged by him and a respondent for the further appearance of the respondent on the postponement of a criminal trial, pursuant to P. S. 2305, as amended by No. 89, Acts 1910.

SCIRE FACIAS against the surety alone on a joint and several recognizance, brought in the city court within and for the city of Burlington, *C. S. Palmer*, Judge. Heard on demurrer to the declaration. Demurrer sustained and the declaration adjudged insufficient. The plaintiff excepted. The opinion states the case.

*John G. Sargent, Attorney General*, and *Sherman R. Moulton, State's Attorney*, for the plaintiff.

*Scire facias* on a joint and several recognizance may be maintained against either the principal or the surety alone. *Reese* v. *United States*, 9 Wall. 13, 19 L. ed. 541; *Cunningham* v. *State*, 14 Mo. 402; Comyn's Digest, tit. Obligations G; Bacon's Abridg., tit. Obligations, D-4; Shep. Touch. Chap. XXI, 6, p. 375; Dicey, Parties to Actions, Rule 50, p. 233; *Com.* v. *McNeill*, 19 Pick. 127, 143; *State* v. *Chandler*, 79 Me. 172, 8 Atl. 553; *State* v. *Nichols*, 43 Vt. 91; *Fanshaw* v. *Morrison*, 6 Mod. 197.

*V. A. Bullard* and *J. J. Enright* for the defendant.

WATSON, J. The only ground of demurrer assigned in the court below, upon which reliance is now had, is that the principal, Mildred Maynard, was not a party to these proceedings.

The *scire facias* sets forth a recognizance jointly and severally entered into by the accused person (charged with the crime of adultery), and this defendant as surety, before the clerk of the city court of the city of Burlington, under the provisions of P. S. 2305, as amended by No. 89, Sec. 3, laws of 1910, by which when a justice postpones the trial of a criminal cause, or the examination of a person charged with a criminal offence which is bailable, he may take security of said person by way of recognizance to the State for his appearance before him on the day to which the trial or examination is postponed. The statute does not fix the form of the recognizance thus to be taken. This is governed by the common law.

At common law, if two persons acknowledge a recognizance jointly and severally, the conusee may sue out several writs of *scire facias* against the conusors. 2 Inst. 395; Bac. Abr. Tit. *Scire facias*, C; Williams's Notes, 2 Saund. 71b. In *Hargraves* v. *Rogers*, Cro. Jac. 45, the action was several against one of the sureties on a recognizance entered into with the principal. The defendant demurred because the action was brought against him alone. The court said it was a joint and several bail, and the action could be brought against the one only. And on the strength of this case so is 2 Saund. Pl. & Ev. 743. In *Commonwealth* v. *McNeill*, 19 Pick. 127, the recognizance was several in form, by the accused and his sureties, one of the latter being the defendant. Objection was taken to the recognizance on the ground of variance, that the *scire facias* set out a recognizance by the defendant only, whereas it was given by him and others. In overruling the objection, Chief Justice Shaw, delivering the opinion of the court, said it appeared from the recognizance that the parties were severally bound, and therefore it was a several recognizance by each; though as all were joined in one recognizance they might have been proceeded against jointly.

Further citation of authorities is unnecessary. It is clear that the recognizance in question was proper in form, and that a several *scire facias*, founded thereon, could legally issue against the surety.

*Judgment reversed, demurrer overruled,* SCIRE FACIAS *adjudged sufficient, and cause remanded.*